UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT FOWLER,<br><br>              Petitioner,<br>   v.<br><br>RONALD HAYNES,<br><br>              Respondent. | CASE NO. 3:22-cv-05270-RAJ-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 26, 2023 |

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Vincent L. Fowler filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 23.

The Court concludes the Petition was filed after the statute of limitations. Although Petitioner contends he is entitled to equitable tolling of the limitations period due to the abandonment of his post-conviction counsel, the time that would be equitably tolled is not enough to make this Petition timely. Therefore, the Court recommends that the Petition be dismissed with prejudice as time-barred.

REPORT AND RECOMMENDATION - 1

## I.      Background

On January 7, 2013, a jury in Kitsap County Superior Court found Petitioner guilty of two counts of child molestation in the first degree and one count of rape of a child in the first degree. Dkt. 28-1, Ex. 1. On January 10, 2014, Petitioner was sentenced to a term of over 13 years in confinement and $1,135 in legal financial obligations ("LFOs") for court-appointed attorney fees. *Id*. at 3–5.

Petitioner challenged his conviction and judgment on direct appeal. *See* Dkt. 28-1, Ex. 6. The Court of Appeals of the State of Washington ("state court of appeals") affirmed Petitioner's conviction on August 18, 2015. Dkt. 28-1, Ex. 2. Petitioner sought discretionary review by the Washington State Supreme Court ("state supreme court"). Dkt. 28-1, Ex. 10. On March 31, 2016, the state supreme court granted the petition for review *only* as to the issue of imposition of discretionary LFOs by the superior court, and remanded to that court to conduct an individualized inquiry into Petitioner's current and future ability to pay. Dkt. 28-1, Ex. 11. The state court of appeals issued its mandate on May 2, 2016. Dkt. 28-1, Ex. 12. On October 19, 2016, the superior court, on remand, entered an order amending Petitioner's judgment and sentence to adjust *only* the imposition of LFOs and stating, "all other conditions of the Judgment and Sentence remain in effect." Dkt. 28-1 at 426–27, Ex. 17, Appx. E. Petitioner did not appeal this ruling. *See generally* Dkt.

Petitioner filed an application for a state collateral attack, a personal restraint petition ("PRP") on October 18, 2017, characterizing the filing as a "placeholder petition," as it included no grounds for relief and requested additional time to prepare a complete PRP.[1] Dkt. 28-1, Ex.

---

[1] This petition was filed as "petition for review;" however, the parties agree as to its actual filing as a PRP. *See* Dkt. 23-1 at 2; Dkt. 27 at 8.

NOTING DATE: MAY 26, 2023 - 2

13. On November 21, 2017, the state court of appeals issued a ruling on the "placeholder" PRP, stating,

> Petitioner has filed a "placeholder petition" and requests that this court grant him an extension of time in which to file his complete petition. We consider this as a motion to file a supplemental petition and grant the motion. Petitioner should file his supplemental petition, in which he must address why this court should consider waiving the one-year time bar (RCW 10.73.090) or establish that the issues he raises in his supplemental petition are not subject to the time-bar, within 60 days of the date of this ruling. Once the supplemental petition is filed, this court will determine if a response is required.

Dkt. 28-1, Ex. 14. On March 16, 2018, Petitioner filed a supplemental PRP pursuant to the state court of appeals' directive. Dkt. 28-1, Ex. 15. On June 11, 2019, the state court of appeals dismissed the PRP as untimely. Dkt. 28-1, Ex. 3. Petitioner filed a petition for review, and on February 4, 2021, the state supreme court reversed, holding Petitioner was entitled to equitable tolling of the time limit, and remanded to the state court of appeals for consideration of the PRP on the merits. Dkt. 28-1, Ex. 4. Notably, in this order the supreme court characterized its March 31, 2016, grant of review on direct appeal as a "remand[ ] for correction of an unrelated error," relating to the imposition of discretionary LFOs and not to issues relating to Petitioner's convictions. Dkt. 28-1 at 52, Ex. 4.

On remand, the state court of appeals denied the PRP on the merits in a decision entered on June 15, 2021. Dkt. 28-1, Ex. 5. Petitioner sought discretionary review, which was denied by the deputy commissioner of the state supreme court on September 27, 2021. Dkt. 29, Exs. 27, 28. Petitioner moved to modify the deputy commissioner's decision. Dkt. 29, Ex. 29. The state supreme court denied the motion to modify without comment and the state court of appeals issued the certificate of finality on January 5, 2022. Dkt. 29, Exs. 30, 31.

On April 20, 2022, Petitioner filed the instant Petition, as amended. Dkts. 1, 23. On February 9, 2023, Respondent filed an Answer to the Petition, wherein he asserts the Petition

NOTING DATE: MAY 26, 2023 - 3

was filed outside of the one-year statute of limitations. Dkt. 27. Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. *Id*. Petitioner filed a Reply/Traverse to the Answer on March 13, 2023. Dkt. 32. Respondent filed a Reply on March 24, 2023. Dkt. 35.

## II.     Discussion

Petitioner filed his Petition on April 20, 2022, as amended. *See* Dkts. 1, 23. However, Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkts. 27, 35. In his Traverse, Petitioner argues his Petition is timely, and were it not, the Court should grant him equitable tolling of the AEDPA statute of limitations. Dkt. 32.

### A.     Statute of Limitations – 28 U.S.C. § 2244(d)

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If, during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGuglielmo*, 544 U.S. 480, 410 (2005).

In state court, a direct review generally concludes, and the judgment becomes final, either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, Petitioner filed a direct appeal challenging his conviction and sentence. Dkt. 28-1, Ex. 6. On March 31, 2016, the state supreme court granted review, but remanded only as to the issue of imposition of discretionary LFOs, deemed here as an error correctible through ministerial action. Dkt. 28-1, Ex. 11; *see Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020) ("if a 'trial court simply corrects the original judgment and sentence, it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration.'") (citation omitted). Petitioner did not file a petition for writ of certiorari in the Supreme Court (*see* Dkt. 27 at 15), making his direct appeal final on June 29, 2016, the date the time for filing a petition for certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment).

The AEDPA limitations period began running on June 30, 2016, the day after the judgment became final. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). The limitations period expired one year later, on June 30, 2017. Petitioner filed his PRP on October 18, 2017. Dkt. 28-1, Ex. 13. As the PRP was filed after the expiration of the one-year period, it did not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Brown v. Curry*, 451 Fed. Appx. 693 (9th Cir. 2011) (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute). Petitioner did not file his federal Petition until April 20, 2022, which is approximately four years and nine months after the limitations period expired.

In his Traverse, Petitioner argues that, because the state supreme court remanded his direct appeal to the superior court to reconsider the imposition of the discretionary LFOs, his direct appeal did not become final until October 19, 2016, the date the superior court entered an order

NOTING DATE: MAY 26, 2023 - 5

amending Petitioner's judgment and sentence to adjust the imposition of those LFOs. Dkt. 32 at 2–6. However, under this scenario and using the October 19, 2016, date as the termination of Petitioner's direct review, as well as applying the statutory tolling Petitioner seeks based on that date, his federal Petition is still untimely. Specifically, Petitioner did not file a notice of appeal in state court (*see* Dkt. 27 at 15), which would make his direct appeal final on November 18, 2016, the date the time for filing a notice of appeal expired. *See* Wash. R.A.P. 5.2.

The AEDPA limitations period then would have begun running on November 19, 2016, the day after judgment became final. *See Corjasso*, 278 F.3d at 877. The AEDPA limitations period would run for 331 days, then, on October 18, 2017—the date Petitioner filed his PRP—the limitations period would toll pursuant to 28 U.S.C. § 2244(d)(2). The statute of limitations, therefore, would have stopped running from October 18, 2017, until January 5, 2022, the date on which Petitioner's PRP became final.[2] *See Carey v. Saffold,* 536 U.S. 214, 220 (2002) (an application remains "pending" "until the application has achieved final resolution through the State's post-conviction procedures"); *Corjasso*, 278 F.3d at 879 (finding the statute of limitations remains tolled until the state collateral attack becomes final). When his PRP became final, Petitioner would have had 34 days remaining to file his federal Petition. In other words, Petitioner would have had until February 8, 2022, to file a timely federal habeas petition. Petitioner did not file the instant Petition until April 20, 2022,[3] at which point the statute of limitations period had already expired.

---

[2] In his Traverse, Petitioner contends his PRP did not become final until the time for filing a petition for certiorari expired, or 90 days after January 5, 2022. Dkt. 32 at 4. However, the 90-day period during which a state prisoner may file a petition for writ of certiorari in the Supreme Court from the denial of his post-conviction petition does not toll the AEDPA statute of limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

[3] Petitioner also seemingly argues that a petition he filed on April 6, 2022, at *Fowler v. Haynes*, 3:22-CV-5235-RSL-SKV (Wash. W.D.), can stand in as a date for the filing of the instant habeas proceedings. However, that case was terminated per Petitioner's voluntary request to withdraw his petition. *See id.*, Dkt. 3.

As Petitioner did not file the instant Petition within one year of his judgment and sentence becoming final and his PRP—in either scenario described above—did not toll the limitations period, his Petition is time-barred. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (federal petition is time-barred where state habeas petition is filed after expiration of the statute of limitations).

B.   Equitable Tolling

Petitioner argues his Petition is subject to equitable tolling due to the abandonment of his state appellate counsel. Dkt. 32 at 6–19.

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The Supreme Court's decision in *Holland* references several lower court cases where an attorney's unprofessional conduct was egregious and constituted extraordinary circumstances that justified equitable tolling. *See id*. These cases involved a persistent lack of communication, failure to return the client's files, among other serious forms of professional misconduct. *Id*. at 651. An attorney's "virtual abandonment" of a client may constitute an extraordinary circumstance because "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Maples v. Thomas*, 565 U.S. 266, 283 (2012) (procedural default excused because a petitioner's two lawyers left the firm at which they were employed and took employment positions that disabled them from representing the petitioner, failed to tell the petitioner of that change of employment, failed to inform the court, and failed to get a new attorney for the petitioner—the combined effect of which was to leave the petitioner unaware that he had no attorney representing him); *see also Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir.

2003). By contrast, attorney negligence such as missing a filing deadline does not warrant equitable tolling. *Holland*, 560 U.S. at 651-52 (internal citation omitted); *Irwin v. Dep't. of Veteran Affairs*, 498 U.S. 89, 96 (1990).

Petitioner argues this Court should find equitable tolling here for the same reasons and for the same time period the state supreme court found a period of equitable tolling of Petitioner's PRP's time limit based on the egregious misconduct of his state post-conviction counsel. Dkt. 32 at 6–10; 12–16. More specifically, Petitioner argues that his state appellate attorney, John Crowley, abandoned him and failed to file his PRP. *Id*. at 6–7. In support, he cites to the state supreme court's findings with respect to the conduct of Mr. Crowley:

> Long before his judgment and sentence was final, Vincent Fowler hired and paid an attorney, John Crowley, to prepare and file his personal restraint petition (PRP). But after repeatedly and falsely assuring his client he was working on the PRP, Crowley stopped responding to calls. As the one-year time bar approached and it became apparent Crowley had abandoned him, Fowler hired a new attorney. Fowler learned Crowley had resigned his law license rather than face professional discipline for failing to diligently represent other clients, among other things. Before the time bar passed, Fowler's present counsel filed a "placeholder" PRP explaining he needed additional time to get Fowler's legal file and investigate grounds for relief. After the time bar passed, counsel filed a "supplemental" PRP arguing Fowler's trial attorney was ineffective. The Court of Appeals dismissed the PRP as untimely.

Dkt. 28-1 at 51, Ex. 4. In his Traverse, Petitioner adds: "Crowley spoke with [Petitioner] a couple of times, called him 'Victor,' and 'falsely assured' [Petitioner] that 'he was working on his PRP and had all sorts of plan[s] of what he was going to do.' By June 2017, though, Crowley became increasingly difficult to contact. [ ] In August 2017, [Petitioner] discovered that Crowley's phone had been disconnected and that it seemed as though he 'had produced nothing for [Petitioner's] case.'" Dkt. 32 at 7 (some quotations omitted). The state supreme court concluded Petitioner "has shown not only egregious attorney misconduct that prevented him from timely filing his PRP but also that he diligently pursued his rights." *Id*. at 60. As a result,

1  the court held Petitioner was entitled to equitable tolling and remanded the PRP for consideration
2  on the merits. *Id.* at 61–62.
3       The Court in no way condones Mr. Crowley's actions. As demonstrated by the finding of
4  the state supreme court, Mr. Crowley's actions were simply inexcusable. Dkt. 28-1, Ex. 4.
5  However, it is not necessary to resolve the issue of whether Mr. Crowley's actions constituted an
6  extraordinary circumstance that would warrant equitable tolling in federal court. Even if
7  Petitioner successfully argued Mr. Crowley's negligence amounted to equitable tolling, the
8  resulting time that would be equitably tolled is simply not enough to make the instant federal
9  habeas Petition timely. Mr. Crowley's abandonment and failure to file a PRP would equitably
10 toll the AEDPA statute of limitations from June 30, 2016 (the date it started running) to October
11 9, 2017, the date Petitioner discovered Mr. Crowley's abandonment and retained new counsel.[4]
12      On October 18, 2017, through his new counsel, John Henry Browne, Petitioner filed his
13 "placeholder petition," followed by a supplemental PRP on March 16, 2018. Dkt. 28-1, Exs. 13,
14 15. In the "placeholder petition," Petitioner's new counsel noted the incompetence of Mr.
15 Crowley and acknowledged that he was contacted and retained by Petitioner's family on October
16 9, 2017. Dkt. 28-1, Ex. 13. Thus, as of October 18, 2017 (the date he filed the "placeholder
17 petition"), it is clear Petitioner knew that Mr. Crowley had not filed a state PRP. *See id*. In fact,
18 Petitioner knew about Mr. Crowley's abandonment and put an end to it by obtaining new counsel
19 and filing a PRP. Therefore, once Petitioner knew that Mr. Crowley was no longer representing
20 him, which was at the latest, October 18, 2017, Petitioner's obligation to act diligently on his

---

[4] The state supreme court stated here that the termination of Petitioner's direct appeal was the date the superior court entered an order amending Petitioner's judgment and sentence to adjust the imposition of discretionary LFOs. *See* Dkt. 28-1, Ex. 17, Appx. E. This Court has concluded Petitioner's judgment became final on June 29, 2016, the date the state supreme court granted review only as to the issue of imposition of discretionary LFOs and otherwise affirmed Petitioner's convictions. *See supra*, Part II.A.

own behalf resumed and any period of equitable tolling ended. *See Rudin v. Myles*, 781 F.3d 1043, 1055 n.15 (9th Cir. 2014) (noting that ordinarily petitioners are bound by their attorney's errors, because the attorney acts as an agent. Attorney abandonment severs the relationship and the attorney's omissions are no longer attributed to the client); *Maples*, 565 U.S. at 283 (petitioner could not "be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him.").

The AEDPA statute of limitations expired one year later on October 18, 2018. However, Petitioner did not file his federal Petition until April 20, 2022, which was over three years after the limitations period ended. Dkt. 1. Further, Petitioner was represented by counsel until at the earliest, April 5, 2022, the date on which his state court review ended. Based on the record before the Court, it appears that Petitioner, through his new state appellate counsel, made the decision to pursue Petitioner's remedies in state court, in lieu of filing a timely federal habeas petition. *Maples*, 565 U.S. at 281 (the attorney is the petitioner's agent and as such, the petitioner bears the risk of conduct on behalf of his agent unless the attorney abandons the client without clear notice). Petitioner does not allege his current counsel abandoned him, and it does not appear from the record before the Court that Mr. Browne's conduct was either egregious or constituted abandonment. Rather, Mr. Browne informed Petitioner of his withdrawal of representation at the conclusion of Petitioner's state PRP proceedings, and recommended counsel to Petitioner for the filing of a federal petition. *See* Dkt. 32-4, Ex. D. In light of Petitioner's obligations after his period of equitable tolling in state court ended, the Court finds he has not adequately shown how previous counsel's misconduct applies to tolling of the AEDPA statute of limitations. Nor has Petitioner shown there was an impediment to his timely filing a federal habeas petition after he was no longer represented by his first state appellate counsel. In sum,

1  Petitioner has not established that he is entitled to equitable tolling because he was represented
2  by counsel during the relevant time period and he could have filed a protective petition in federal
3  court for his unexhausted claims while he pursued relief in state court.

4  Petitioner also contends he is entitled to equitable tolling because of complications from
5  COVID at his place of confinement from January 5, 2022, the date on which the state supreme
6  court terminated review, to April 20, 2022, the date he filed this Petition. Dkt. 32 at 17–18. In
7  support, Petitioner has submitted a declaration outlining the various COVID restrictions in place
8  at that time. Dkt. 32-1, Ex. A. However, Petitioner also indicates that, during this time period, he
9  was in communication with his former competent attorney, he was able to complete and send a
10 release of his file to that attorney's office, he had access to email, and he submitted other filings
11 to the court. *Id*. These circumstances make it unlikely that the issues Petitioner experienced in
12 attempting to timely file the Petition during this time period were due to COVID restrictions in
13 place at his institution. As such, the Court is not inclined to grant equitable tolling during this
14 time period based on complications from COVID.

15 Petitioner does not assert any other basis for equitable tolling, and the Court is not aware
16 of any. *See* Dkts. 23, 24, 27, 28, 29, 32, 35. Thus, even applying Mr. Crowley's abandonment,
17 and equitable tolling principles to Petitioner's case, the Petition remains untimely.

18 Accordingly, the Court recommends the Petition be dismissed with prejudice as time-
19 barred. Based on the foregoing, the Court declines to consider Respondent's alternative
20 arguments that some claims in the Petition are unexhausted and procedurally barred and other
21 claims should be dismissed on the merits.

22 ///

23 ///

24

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## V.   Conclusion

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and the Court recommends the Petition be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

///

///

///

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 26, 2023, as noted in the caption.

Dated this 9th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge